**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| CHRISTOPHER GLENN KING, ) <br> ID # 1695857, ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> TDCJ, et al., ) <br> Defendants. ) | <br><br><br> No. 3:15-CV-1365-N-BH <br><br><br> Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this case has been automatically referred for pretrial management. Before the Court is the plaintiff's *Emergency Motion, Medications*, received May 1, 2015 (doc. 4). Based on the relevant filings and applicable law, the motion should be **DENIED**.

**I.**

Christopher Glenn King (Plaintiff), an inmate currently incarcerated in the Hughes Unit of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed this action under 42 U.S.C. § 1983. He alleges, in relevant part, denial of adequate medication to treat his medical condition while he was at the Hutchins Unit, where he was previously incarcerated. Plaintiff seeks an emergency order of apparently indefinite duration directing prison officials to provide certain dosages of certain medications. (*See* doc. 4 at 1-2). The motion is liberally construed as seeking a preliminary injunction under Rule 65.

**II.**

A preliminary injunction can be issued only after notice to the adverse party. *See* Fed. R. Civ. P. 65(a)(1). Plaintiff has not shown that he has given notice to the defendants of his request for injunctive relief. His motion is subject to denial for this reason alone.

The party seeking a preliminary injunction has the burden to show that he or she is entitled

to it. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). Issuing an injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989). A preliminary injunction is the exception, not the rule. *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). To obtain a preliminary injunction, the movant must show (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury outweighs any damage the order might cause to the respondent; and (4) that the injunction will not disserve the public interest. *Enrique Bernat F., S.A. v. Guadalajara, Inc.*, 210 F.3d 439, 442 (5th Cir. 2000). If the movant fails to carry the "heavy burden" to show each of these prerequisites, a preliminary injunction is not warranted. *See Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985).

In the prison setting, requests for a preliminary injunction are "viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)). "Except in extreme circumstances", the "federal courts are reluctant to interfere" with matters of prison administration and management, such as prison discipline and classification of inmates. *Young v. Wainwright*, 449 F.2d 338, 339 (5th Cir. 1971) (affirming denial of injunction to obtain release from administrative segregation).

Plaintiff has neither alleged nor shown either a substantial likelihood that he will prevail on the merits, or that there is a substantial threat of irreparable injury if injunctive relief is not granted. To establish a civil rights claim for the denial of medical care, a prisoner must allege and prove the

2

prison authorities were deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1978). Disagreement with a course of treatment is not a basis for a civil rights action. *Norton v. Dimazana*, 122 F. 3d 286, 292 (5th Cir. 1997). "Unsuccessful medical treatment does not give rise to a § 1983 cause of action." *Varnado v. Lynaugh*, 920 F. 2d 320, 321 (5th Cir. 1991). Neither is negligence a basis for a civil rights action under § 1983, *see Daniels v. Williams*, 474 U.S. 327, 329-336 (1986), and "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner," *Estelle v. Gamble*, 429 U.S. at 106. Plaintiff's exhibits to his complaint show he received medical treatment for his pancreas. His disagreement with that treatment cannot form the basis of a civil rights claim or a preliminary injunction.

In addition, Plaintiff's request for a preliminary injunction relates to his medical treatment at the Hutchins Unit, but he is now incarcerated in the Hughes Unit. His transfer to another unit has rendered moot his request for injunctive relief regarding his medical treatment at the previous unit. *Wiley v. Biscoe*, 125 F. App'x 603 (5th Cir. 2005), citing *Cooper v. Sheriff, Lubbock Co., Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991).

### III.

The motion for injunctive relief (doc. 4) should be **DENIED**.

**SO RECOMMENDED on this 8th day of January, 2016.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

  A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE