IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHRISTOPHER GLENN KING, ) | |
| ID # 1695857, ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:15-CV-1365-N-BH |
| ) | |
| TDCJ, et al., ) | |
|     Defendants. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, the case should be dismissed for failure to prosecute or follow court orders.

**I. BACKGROUND**

On May 1, 2015, the *pro se* prisoner plaintiff filed this action against various defendants, alleging violation of his civil rights. (*See* doc. 3.) He sought and was granted leave to proceed *in forma pauperis* (IFP) on June 1, 2015, with an initial partial filing fee of $17.33 with the remainder to be paid in monthly installments from his prison account. (*See* docs. 8, 9.) During the screening phase, on April 18, 2016, the plaintiff filed a change of address notice showing that he was no longer in any jail or prison facility. (*See* doc. 20.) Because he was no longer in custody, he was ordered to pay the outstanding balance of the full filing fee within fourteen days by order dated April 19, 2016. (*See* doc. 21.)[1] The order also specifically warned that failure to timely pay the filing fee would result in a recommendation that the case be dismissed. *Id.*

---

[1] As of May 1, 2013, a $50 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $400 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account. *See id.* The $50 administrative fee will not be deducted. *Id.*

On April 26, 2016, the plaintiff filed what he titled as a motion for leave to proceed IFP, that was construed as a motion to be relieved of the requirements of the PLRA. (*See* docs. 22, 23.) On April 28, 2016, he was again ordered to pay the outstanding balance of the full filing fee within twenty-one days. (*See* doc. 23.) On May 17, 2016, he moved for a continuance, and his motion was liberally construed as a motion for an extension of time to pay the remainder of the filing fee. (*See* docs. 24, 25.) He was given an additional fourteen days to pay the fee. (*See* doc. 25.) The order specifically warned that failure to timely pay the filing fee would result in a recommendation that the case be dismissed. *Id.* More than fourteen days have passed, but the plaintiff has not paid the fee or filed anything else in this case.

## II.  PRISON LITIGATION REFORM ACT

Because he filed this action while a prisoner at the Hunt County Jail, the plaintiff was subject to the Prison Litigation Reform Act (PLRA). The PLRA provides that a prisoner who brings a civil action "shall be required to pay the full amount of a filing fee," although the fee may be paid in installments where leave to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(b)(1).[2] If leave to proceed *in forma pauperis* is granted, the court assesses and collects an initial partial filing fee from the custodial institution, which will subsequently withdraw funds from the prisoner's inmate trust account and forward those funds to the Court in installments. § 1915(b)(1) and (2); *Hatchet v. Nettles*, 201 F.3d 651, 653 (5th Cir. 2000). The provision that allows for payment of the filing fee in installments only applies while the prisoner remains in custody. *See* 28 U.S.C. § 1915(b)(2). Where the prisoner is no longer in custody, withdrawal of funds from his inmate trust account to pay the fee in installments is no longer an option. *Mabry v. TDCJ*, No. 4:10CV520, 2013 WL 4522684,

---

[2] This fee provision was designed to deter frivolous prisoner litigation through liability for filing fees. *Williams v. Roberts,* 116 F.3d 1126, 1127–28 (5th Cir.1997).

at *1 (E.D. Tex. Aug. 23, 2013).  Nevertheless, a prisoner who brings an action remains subject to the provisions of the PLRA requiring full payment of the filing fee, even if he is subsequently released from custody.  *See Gay v. Tex. Dep't of Corr. State Jail Div.*, 117 F.3d 240, 242 (5th Cir. 1997).

Here, the plaintiff filed this action while he was in custody.  Because he has now been released, he must pay the remainder of the full filing fee as required by the PLRA before this action may proceed further.  *See* 28 U.S.C. § 1915(b)(1).

### III.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  By order dated April 18, 2016, the plaintiff was given twenty-one days to pay the filing fee.  He was specifically warned that failure to do so would result in a recommendation that the case be dismissed.  Because he failed to comply with an order that he pay the remainder of the filing as required by the PLRA, his case should be dismissed.  *Mabry v. TDCJ*, 2013 WL 4522684, at *1 (dismissing prisoner lawsuit under Rule 41(b) for failure to pay the remainder of the filing fee after his release from prison); *Kohoutek v. Dallas County Sheriff's Dept.*, No. 3:10-CV-1780-B, 2010 WL 4721347 (N.D. Tex. Oct. 29, 2010) (same), *rec. adopted*, 2010 WL 4721350 (Nov. 19, 2010).

### IV.  RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to

prosecute or follow court orders, unless the plaintiff pays the remainder of the filing fee within the time for objecting to this recommendation or some other deadline set by the Court.

**SO RECOMMENDED this 27th day of June, 2016.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE